## Central Building Company v. Karr Supply Company.

1. STATUTE OF LIMITATIONS—*when, does not bar lien claim.* In a suit by a contractor against an owner to enforce a mechanic's lien claim, section 7 of the act of 1895 has no application.

2. LIEN CLAIM—*what not defense to.* Delay in the completion of a contract is not a defense to a claim for lien based upon such contract

where such delay was directly attributable to the owner's acts, and this notwithstanding the contract between the owner and contractor provided that no additional allowance of time for completion should be · accorded the contractor unless a claim therefor was presented within a specified time.

Mechanic's lien proceeding. Appeal from the Circuit Court of St. Clair County; the Hon. SILAS COOK, Judge, presiding: Heard in this court at the August term, 1903. Affirmed. Opinion filed March 10, 1904. Rehearing denied August 25, 1904.

WALTER S. LOUDEN, for appellant.

DILL & WILDERMAN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee filed a bill in the Circuit Court of St. Clair County to establish and enforce a mechanic's lien against the leasehold interest of appellant in certain real estate, for the sum of $760, claimed as balance under written contract, between appellant, owner of a building in process of construction, and appellee, a contractor. By the terms of the contract, which bears date, June 22, 1901, appellee was to furnish the material and put into said building a steam heating plant, the work to be completed on or before September 15, 1901, provided the building is ready for the installation of said work thirty days before said date. Appellant was to pay appellee the total sum of $5,143, ninety per cent during the progress of the work, upon monthly estimates in such amounts as determined by the architect in charge, and the remaining ten per cent to be paid upon final acceptance of the work by the architect and owner. The work was to be done under the direction and to the satisfaction of Theo. C. Link, the architect, acting as the agent of appellant, the owner. Bearing upon the controversy in this case we give in full articles V, VII and X of the contract:

"Article V. Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being cer-

tified by the architect, the owner shall be at liberty, after three days written notice to the contractor, to provide any such labor or materials and to deduct the cost thereof from any money then due or thereafter to become due to the contractor, under this contract; and if the architect shall certify that such refusal, neglect or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractor for the said work and to enter upon the premises and take possession, for the purpose of completing the work comprehended under this contract of all materials, tools, and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor; and in case of such discontinuance of the employment of the contractor he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor, but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner. The expenses incurred by the owner as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architect, whose certificate thereof shall be conclusive upon the parties.

"Article VII. Should the contractor be obstructed or delayed in the prosecution or completion of his work by the act, neglect, delay or default of the owner or the architect, or any other contractor employed by the owner upon the work, or by any damage which may happen by fire, lightning, earthquake or cyclone, or by the abandonment of the work by the employees through no default of the contractor, then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all of the causes aforesaid; but no such allowance shall be made unless a claim therefor. is presented in writing to the architect within twenty-four hours of the occurrence of such delay. The duration of such extension shall be certified to by the architect, but appeal from his decisions may be made to arbitration, as provided in Art. III of this contract.

"Article X. It is further mutually agreed between the parties hereto that no certificate given or payment made

under this contract except the final certificate or final pay-
ment shall be conclusive evidence of the performance of
this contract, either wholly or in part, and that no payment
shall be construed to be an acceptance of defective work or
improper materials."

There is the further provision contained in article IX:
" The final payment shall be made within thirty days after
this contract is fulfilled. All payments shall be made upon
written certificates of the architect to the effect that such
payments have become due." The building was not ready
for the installation of the plant thirty days prior to the 15th
of September, and in consequence the appellee did not and
could not begin until August 21. The work of appellee
was not completed until about the middle of January, 1902.
On April 29, 1902, appellee received the following certifi-
cate from the architect:

" Certificate No. 18.
$748.00.                              St. Louis, Mo., April 29, 1902.
To Central Building Company:
This is to certify that under the terms of the contract
dated June 22, 1901, for work upon the hotel and business
block, corner Collinsville and Missouri avenues, East St.
Louis, the Karr Supply Co., contractors for steam heating,
are entitled to the final payment, amounting to seven hun-
dred and forty-eight dollars. In full of all claims to date.
Amount of contract, $5,143.00.
Amount of this certificate, $748.00.
Previously paid, $4,395.00.          °
Total to date, $5,143.00.
                              Theo. C. Link, Architect.
                                   Per E. L. Merrill, Supt."

By answer appellant claims damages $2,000 for loss in
rents due to the failure of appellee to complete its work
within the time required by the contract, and invokes the
Statute of Limitations under the mechanic's lien law as in
bar to complainant's right to a lien. The case was heard
by court and a decree for complainant according to the
prayer of the bill entered, from which an appeal was taken
to this court.

This is a suit by the contractor against the owner. The

limitation in time, under section 7, chapter 82, statutes of 1895, has no application. The cases cited by appellant in support of this contention have reference to a former statute now repealed.

From the record in this case it clearly appears that whatever the delay in the progress of the work, or the occasion of it, appellant made no complaint, and until the bill was filed seems to have acquiesced in what was done. Delay in payment by appellant of sums due under the contract caused delay in the progress of the work, and it may be inferred that until December 3, the date of the delayed payment of $1,000, the postponement of accruing demands was desirable. The owner may not be heard to complain of delay caused by his failure to pay promptly the estimates when due under the contract. The first payment, $3,395, was made October 21, nearly a month after due, and thirty days beyond the time when, as contended, the work was to have been completed. But no complaint is then made of delay in the progress of the work. And, likewise, when the last payment of $1,000 was made December 3, several days past due, there is yet no complaint regarding the work. To this time the delay may fairly be attributed to the convenience, desire, or financial inability of the appellant. It may be said the progress in work was quite as rapid as the ability or disposition of appellant to meet its obligations under the contract would permit. In this way the time limit for the completion of the work was fully waived. The contract was modified by the conduct and acquiescence of the parties. Terra Cotta Co. v. Galena Safety Trust Co., 64 App. 184; Paddock, et al., v. Stout, et al., 121 Ill. 571; Weber v. Bushnell, et al., 171 Ill. 587. In meeting the contention of appellant that no allowance of time shall be made to the contractor, according to article VII of the contract," unless a claim therefor is presented in writing to the architect within twenty-four hours," etc., article V may fairly be considered. If appellee is held to strict compliance with the terms expressed in article VII, by the same process of reasoning, appellant should be held to the remedy

provided by article V. Both articles are in protection and extension of the rights and powers of the owner, and if he may waive his right and privilege under article V to take the work out of the hands of the contractor and complete it at the contractor's expense, may he not also waive his right to notice and claim of time allowance under article VII? That he may do this we have no doubt. The failure of timely exercise and assertion by the owner of his rights under special provisions of the contract, and the conduct of the parties inconsistent with a claim of right under such special provision, will operate and be construed as a waiver.

There is evidence tending to show other causes of delay for which appellee was not responsible, but throughout this record there does not appear to have been any complaint prior to the time for final payment. The work was done; the authorized certificate of Link, the architect, was given. By the terms of the contract Link was the agent of the owner and his certificate and acceptance of the work may be regarded as the acceptance by the owner. The tender of a note for the entire amount claimed is an admission of the demand and was properly considered in evidence. It was not an offer made in compromise of disputed claims. By the sum tendered, for it must be assumed that appellant intended to pay the note, there was nothing in dispute to be compromised.

Finding no error in the record, the decree of the Circuit Court will be affirmed.

*Affirmed.*